THOMAS JUDE AND CAROL CAMPBELL WENAAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wenaas v. Commissioner
Docket No. 44868-85.
United States Tax Court
T.C. Memo 1988-89; 1988 Tax Ct. Memo LEXIS 105; 55 T.C.M. (CCH) 289; T.C.M. (RIA) 88089; February 29, 1988; As amended March 1, 1988 Paul Krug, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Section 6653(b) [1]
Section 6654
Petitioner
Year
Deficiency
Addition to Tax
Addition to Tax
Thomas Jude Wenaas
& Carol C. Wenaas
1978
$   324,884
162,442
--
Thomas Jude Wenaas
& Carol C. Wenaas
1979
1,072,896
766,949
--
Thomas Jude Wenaas
& Carol C. Wenaas
1980
430,161
215,084
--
Thomas Jude Wenaas
& Carol C. Wenaas
1981
439,565
277,420
--
Thomas Jude Wenaas
1982
706,161
[2] 353,081
$ 68,752
Carol C. Wenaas
1982
706,161
353,081
68,752
In an amended answer, respondent conceded the section 6653(b) addition to tax with respect to the 1982 *107 taxable year and determined section 6651(a)(1), 6653(a)(1), and section 6653(a)(2) additions to tax for such year. Further, in a request for admissions deemed admitted pursuant to Rule 90(c), respondent reduced the deficiency determinations for the 1982 taxable year. The issues are whether the deficiencies determined by respondent should be sustained and whether the additions to tax determined by respondent should be sustained. [3]
FINDINGS OF FACT The facts in this case have been deemed admitted pursuant to Rule 90(c) and the Court's Rule 37(c) order. The deemed admitted facts are incorporated herein by reference. Petitioners, husband and wife, resided in California at the time the petition herein was filed. In 1962, petitioner *108 husband was employed by the Internal Revenue Service as a Revenue Agent. Subsequent thereto, petitioner husband worked as an accountant for Haskins and Sells, Certified Public Accountants. During the taxable years 1978, 1979, and 1980, petitioner husband was employed as president of F. P. Lathrop Construction Co., a California corporation ("Lathrop"). During the taxable years 1981 and 1982, petitioner husband was a partner in various partnerships. Petitioners filed tax returns for the 1978, 1979, 1980, and 1981 taxable years. Neither petitioner has filed an income tax return for the 1982 taxable year. Petitioner husband embezzled from Lathrop $ 523,380 in 1978, $ 1,450,000 in 1979, and $ 675,000 in 1980. Petitioners fraudulently and with intent to evade tax omitted from their income tax returns for the taxable years 1978, 1979, and 1980 the income embezzled from Lathrop. In either 1980 or 1981, petitioners received $ 300,000 as a management fee and $ 50,000 for the sale of inventory. [4] Neither petitioners' 1980 return, nor petitioners' 1981 return, reports these items. *109 During the taxable year 1982, petitioners sold their interest in 36 condominium apartments acquired in 1980, realizing ordinary income of $ 896,312. Petitioners also had other items of income during the 1982 taxable year totaling $ 824,010. As stated earlier, petitioners did not file returns for the 1982 taxable year. Accordingly, they did not report the income from the sale of the 36 condominium apartments or any of the other items of income earned in 1982. Petitioners' failure to file an income tax return for the 1982 taxable year was not due to reasonable cause. Petitioners' failure to report the income from the sale of the 36 condominium apartments in the 1982 taxable year was due to negligence or intentional disregard of rules or regulations. Petitioners made no estimated tax payments for 1982. OPINION We will first consider whether the deficiencies as determined by respondent in the notices of deficiency for the 1978, 1979, 1980, and 1981 taxable years should be sustained. Respondent's determinations in the notices of deficiency are presumptively correct and petitioners bear the burden of proof to show error therein. ; *110 Rule 142(a). Neither petitioners, nor a duly authorized representative of petitioners, appeared at trial and no evidence was presented on petitioners' behalf. Accordingly, the deficiencies as determined by respondent for the 1978, 1979, 1980, and 1981 taxable years are sustained. [5]
We will now consider whether the reduced deficiencies for the 1982 taxable year determined by respondent in the request for admissions deemed admitted pursuant to Rule 90(c) should be sustained. The reduction in the deficiencies results from respondent's splitting petitioners' total income in 1982 between petitioner husband and petitioner wife to reflect California's community property *111 laws. The matters deemed admitted support respondent's determination of reduced deficiencies for 1982. Accordingly, such deficiencies are sustained. [6]
The next issue is whether respondent's determination of additions to tax should be sustained. We will first consider the section 6653(b) addition to tax. During the years for which the section 6653(b) addition to tax is here at issue, 1978 to 1981, section 6653(b) provided for an addition to tax equal to 50 percent of an underpayment, if any portion of such underpayment was due to fraud. Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. a Memorandum Opinion of this Court; . *112 Respondent bears the burden of proof by clear and convincing evidence. Sec. 7454(a); Rule 142(b); ;. The presence of fraud is a factual question to be determined by an examination of the entire record. . It is well settled that facts deemed admitted pursuant to the Court's Rule 37(c) order are sufficient to meet respondent's burden of proving fraud. See ; . With respect to 1978, 1979, and 1980 taxable years, it has been deemed admitted that petitioners had substantial understatements of income, a large portion of which is attributable to an illegal activity. Further, it has been deemed admitted that petitioners fraudulently and with intent to evade tax failed to report the embezzlement income for such years. Petitioners filed returns for the 1978, 1979, and 1980 taxable years and were thus aware of their Federal income tax obligations. Further, petitioner husband had worked as a Revenue *113 Agent for the Internal Revenue Service. On these facts, we hold that respondent has met his burden of proving fraud by clear and convincing evidence for the 1978, 1979, and 1980 taxable years. Respondent's determination of section 6653(b) additions to tax with respect to those years is sustained. A similar result cannot be reached with respect to the section 6653(b) addition to tax for the 1981 taxable year. Respondent's amended answer contains an inconsistency, see n.4, supra, which can be interpreted to indicate that petitioners received the $ 300,000 and $ 50,000 items in 1980, not 1981. Since these are the only two items to which respondent alleged indicated petitioners' fraudulent attempt to evade tax for the 1981 taxable year, we must hold that respondent has not proven by clear and convincing evidence petitioners' fraud for the 1981 taxable year. Accordingly, respondent's determination of the section 6653(b) addition to tax for the 1981 taxable year is not sustained. We next consider the remaining additions to tax determined by respondent. Pursuant to the allegations in respondent's amended answer deemed admitted pursuant to the Court's Rule 37(c) order and the *114 matters in respondent's request for admissions deemed admitted pursuant to Rule 90(c), petitioners' failure to file income tax returns for the 1982 taxable year was not due to reasonable cause, petitioners' failure to report their taxable income from the sale of their interest in the 36 condominium apartments in 1982 was due to negligence or intentional disregard of rules of regulations, and petitioners failed to make estimated tax payments for 1982. Accordingly, respondent's determinations of additions to tax pursuant to section 6651(a)(1), section 6653(a)(1), section 6653(a)(2), and section 6654 are sustained. With exception to the section 6653(b) addition to tax for 1981 and to reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. For the 1982 taxable year, respondent also determined an addition to tax pursuant to section 6653(b)(2).↩
3. This case was scheduled for trial on November 30, 1987, in San Francisco, California. Neither petitioners, nor a duly authorized representative of petitioners, was present when the case was called. The record consists of the matters contained in respondent's request for admissions deemed admitted pursuant to Rule 90(c) and the affirmative allegations in respondent's amended answer deemed admitted pursuant to the Court's Rule 379c) order. ↩
4. Paragraphs 6(z)(4) and (5) of respondent's amended answer indicate that petitioners failed to report the $ 300,000 and $ 50,000 items in petitioners' 1981 return. Paragraph 6(a)(e) of respondent's amended answer indicates that petitioners failed to report the $ 300,000 and $ 50,000 items in petitioners' 1980 return. The record does not explain the inconsistency between the above-referenced paragraphs. ↩
5. The notices of deficiencies with respect to petitioners' 1978, 1979, 1980, and 1981 taxable years were sent more than three years after the due date of petitioners' returns for such years. See sec. 6501(a). However, petitioners have failed to affirmatively plead the statute of limitations as a defense. Where the statute of limitations is not affirmatively pleaded by petitioners, it will not be considered. See ; Rule 39. See also sec. 6501(c)(1)-(3). ↩
6. Further, petitioners have introduced no evidence and thus have failed to prove that the deficiencies determined in the notices of deficiency should not be sustained. ; Rule 142(a). It follows, a fortiori, that petitioners have failed to prove that deficiencies as reduced should not be sustained. ↩